IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY L. THOMPSON, | : | |
| Plaintiff | : | Civil Action 2:10-cv-564 |
| v. | : | Judge Frost |
| PATRICK KELLY, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

**INITIAL SCREENING REPORT AND RECOMMENDATION**

Plaintiff tendered a complaint to the Clerk of Court on June 17, 2010. Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(b) is **GRANTED**.

It is **ORDERED** that plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

It is **FURTHER ORDERED** that the United States Marshal serve by certified mail upon defendants a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).

The following allegations are taken from Plaintiff's complaint. Plaintiff is a registered sex offender. In 2008, he moved from California to Athens County, Ohio. He had, during his residence in California, timely completed his annual sex offender registration. However, after moving to Ohio, Plaintiff received a letter from the Athens County Sheriff's Office identifying him as a Tier III Sex Offender with Notification, and stating that he had failed to timely verify his current address. The letter gave him one week to register, or face felony prosecution for failure to timely verify. Plaintiff did not receive any prior notice that he was required to register.

Plaintiff apparently argues that his constitutional rights have been violated because (A) the federal "Megan's Law" statute (part of 42 U.S.C. §14071) is an unconstitutional *ex post facto* law[1], and (B) the Athens County Sheriff has no power to require him to register in Ohio because Plaintiff was convicted in, and should be subject to, California law.

In *Smith v. Doe*, 538 U.S. 84 (2003), the United States Supreme Court found that Alaska's Sex Offender Registration Act, which establishes substantially similar – and retroactive – requirements that sex offenders periodically register with local

---

[1] The federal "Megan's Law" statute essentially compelled state governments to enact statutes requiring sex offender registration. The Court concludes that Plaintiff is challenging Ohio's law enacted in response to this requirement.

law enforcement authorities, was not an *ex post facto* law in violation of the United States Constitution, because its intent was to establish a regulatory system to protect the public from recidivism, not to further punish individuals previously convicted of crimes. *Id.* at 105-106.  The Ohio Supreme Court similarly held in *State v. Cook*, 83 Ohio St.3d 404 (1998), that Ohio's "Megan's Law" statute does not violate the *ex post facto* prohibitions in the Ohio Constitution. *Id.*, syllabus at 1.

Regardless of the requirements of Ohio's own "Megan's Law", the federal Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. §2250(a), makes it a federal crime for any person who (a) is required to register under the new Adam Walsh Child Protection and Safety Act of 2006 and (b) travels from one state to another to fail to register or update a registration.  The Adam Walsh Act established the "Tier III Sex Offender with Notification" category to which the Athens County Sheriff's Office referred in its letter.  (Doc. 1-2 at 22.)  The United States Supreme Court has also upheld SORNA as constitutional.  *Carr v. U.S.*, 130 S.Ct. 2229 (2010).

Even were it not for the federal requirements of SORNA, however, a person who moves from one state to another becomes subject to the laws of his new state. This is a long-established principle inherent to our federal system of government. *See, e.g., Cooper v. Galbraith*, 6 F.Cas. 472 (C.C.Pa. 1819) (if a citizen of one state should choose to move to another, he becomes a citizen of that state).  Furthermore, even if Plaintiff had not become a permanent resident of Ohio, he would still be required to abide by its laws while within its borders.  "A state has the right to

protect its citizens and it has a further right to enact laws in furtherance of such protection.  When a non-resident enters a state, he is subject to the laws of that state and is answerable for violations of the laws of that state." *Riinc, Inc. v. Peddie*, 195 F.Supp. 124, 126 (E.D. Ill. 1961).

Because Plaintiff's claims against the Defendants are barred as a matter of law, I **RECOMMEND** that this case be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

                                                                                      s/Mark R. Abel
                                                                                      United States Magistrate Judge